**OXFORD LEASE/AUTO PLAN, INC.,**
Appellant,

v.

**Talbert Henry ROBBINS, Appellee.**

No. 12154.

Court of Civil Appeals of Texas, Austin.

May 15, 1974.

Rehearing Denied June 5, 1974.

Paula Young Smith, Salmanson & Smith, Austin, for appellant.

Allan I. Schneider, Giddings, for appellee.

SHANNON, Justice.

Appellant, Oxford Lease/Auto Plan, Inc., sued appellee, Talbert Henry Robbins, in the district court of Lee County for breach of a lease-contract agreement. Upon trial to the court, judgment was entered that appellant take nothing.

In September of 1969, appellee and his son-in-law, Randal A. Martin, and St. Claire Motor Leasing entered into a written lease agreement whereby appellee and Martin leased a 1967 Ford Dump Truck. Appellee signed the lease agreement as an accommodation to his son-in-law. As consideration for the use of the truck, appellee and Martin agreed to pay $545.73 each month for a term of forty-eight months. Subsequent to the time of the signing of the subject agreement, appellant purchased the assets and liabilities of St. Claire Motor Leasing.

By June of 1970, appellee and Martin were in default by several payments, and, pursuant to the agreement, Martin returned the truck to St. Claire Motor Leasing. Thereafter, Martin filed proceedings in bankruptcy and was adjudicated a bankrupt.

Paragraph eighteen of the lease agreement provided that in case of default, the lessor would take possession of the vehicle and that the lessor might ". . . sell the same at any time for the highest cash offer then available to lessor or retain the same and credit lessee with an amount equal to the said highest cash offer . . ." That paragraph also provided that lessee pay lessor reasonable attorney's fees in case of collection.

Appellant sold the truck for $12,500 which sum was credited against the amount owed by appellee and Martin under

the lease, leaving a balance owed by them of $4,277.38. Neither appellee or Martin paid anything more on the sum owing under the lease agreement.

Appellant sued appellee on the written lease agreement. In its amended petition and by trial amendment, appellant prayed for recovery for $4,277.38 and attorney's fees. Appellee's trial pleading was a general denial.

By a single point of error appellant claims that the pleadings and proof establish its right of recovery under the lease agreement as a matter of law.

Appellant introduced the lease agreement into evidence without objection, and also proved that appellee had signed the agreement. Sue Tucker, appellant's manager, testified as to the amount owing under the lease-agreement.

Appellee produced one witness, Randal Martin. His testimony was, in general, that he had experienced mechanical difficulties with the truck and that he had lost time in his hauling business while the truck was repaired. He suffered no cost of repairs, however, inasmuch as those repairs were covered by the warranty from Ford Motor Company. Martin also testified that when he returned the truck to the lessor he offered to pay part of the amount in default, but that appellant refused to accept partial payment.

Appellant's proof established the lease agreement. By the terms of that agreement appellant was entitled to sell the truck for the highest cash offer, and to obtain the balance from the lessee. Appellee filed no pleadings and offered no proof to avoid the lease agreement. We are of the opinion that appellant was entitled to recover under the agreement.

The judgment is reversed and here rendered that appellant recover $4,277.38, together with $1,428.66 as attorney's fees, and that appellee pay costs of court.

Reversed and rendered.